

FILED by JCY D.C.
ELECTRONIC
NOV 4, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.

HOLLYWOOD GREYHOUND TRACK, INC.,

    Applicant,

09-61760-Civ-Zloch/Rosenbaum

vs.

UNITE HERE LOCAL 355,

    Respondent.
_____/

## MOTION TO PARTIALLY VACATE ARBITRATION AWARD

Applicant, HOLLYWOOD GREYHOUND TRACK, INC., d/b/a Mardi Gras Gaming, ("Mardi Gras"), pursuant to 9 U.S.C. § 10 and Section 302(a)(2) of the Labor Management Relations Act, 29 U.S.C. § 186(a)(2), hereby files this, its Motion to Partially Vacate the Arbitration Opinion and Decision for AAA Case # 32 300 00639 08, and states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to Rule 13(a), Fed. R. Civ. P., 28 U.S.C. §§ 1331, 1391(b)-(c), 29 U.S.C. §§ 185 and 186 and 9 U.S.C. § 10.

2.     Venue is proper in this federal district pursuant to § 10 of the Federal Arbitration Act, as the arbitration award was made in Broward County, Florida.

### PARTIES

3.     At all times material hereto, Applicant, Mardi Gras, is a Florida corporation doing business within the Southern District of Florida.

4.     At all times material hereto, Applicant, Mardi Gras, was and continues to be an employer within the meaning of 29 U.S.C. § 152(2).

5.  At all times material hereto, Respondent, Unite Here Local 355 ("Union"), is a labor organization within the meaning of 29 U.S.C. § 152 representing employees in an industry affecting commerce.

6.  At all times material hereto, Respondent is headquartered in Miami, Florida.

## PROCEDURAL FACTS

7.  On or about August 23, 2004, Mardi Gras and UNITE HERE LOCAL 355 ("the Union") entered into a Memorandum of Agreement ("MOA"), which was to take effect upon the installation of "the first slot machine, Video Lottery Terminal or similar gaming device at [Mardi Gras'] gaming facility"

8.  Pursuant to the MOA, Mardi Gras was to provide the Union with the following: (1) Complete lists of its employees with their job classifications and contact information on a monthly basis; (2) access to its private premises for its employees and union representatives for organizational purposes; and (3) control over Mardi Gras' communications with regard to its views on unionization and the Union itself.

9.  At the time Mardi Gras entered into the MOA, it was not aware that the aforementioned items which were demanded by the Union as part of the MOA violated § 302 of the Labor Management Relations Act (the "LMRA") and consequently, the Agreement was illegal. After the MOA became effective around December of 2006, the Union made a handful of demands for employee lists from Mardi Gras.

10. Mardi Gras initially honored the Union's first few requests by furnishing the Union with an updated list. However, Mardi Gras obtained counsel in 2008 and learned that the MOA violated the LMRA based on its obligation on Mardi Gras to provide "things of value" to the Union. Consequently, on or about May of 2008, Mardi Gras refused to indulge the Union's

2

request for an updated employee list, and further refused to provide this information when the Union made a second request on or about July of 2008. The Union demanded arbitration based on Mardi Gras, purported noncompliance with the MOA. When Mardi Gras refused to arbitrate, the Union filed a Petition and Complaint to Compel Labor Arbitration before this Court on or about September 26, 2008.

11. As part of its Petition, the Union sought an Order from this Court directing Mardi Gras to proceed to arbitration as well as injunctive relief against Mardi Gras.

12. Mardi Gras timely responded with an Answer, Affirmative Defenses and a Counterclaim seeking a declaration under 28 U.S.C. §§ 2201 and 2202 that the Neutrality Agreement is illegal, unenforceable and thus *void ab initio,* and further seeking an immediate rescission of the Agreement based on its illegality.

13. The Union subsequently filed a motion to compel arbitration and dismiss Mardi Gras' Counterclaim. After a hearing held on April 13, 2009, this Court entered an Order granting the motion to arbitrate and sending both the Union's claims and Mardi Gras' counterclaim to arbitration.

14. On June 17, 2009, the parties participated in a hearing before Arbitrator Arnold M. Zack in Fort Lauderdale, Florida to decide the following issue: "Whether the Memorandum of Agreement entered into by and between the parties is enforceable?" After the arbitration hearing, the parties submitted their post hearing briefs and disks containing cited authority by July 9, 2009.

15. On August 6, 2009, the Arbitrator entered an Opinion and Decision finding that the Memorandum of Agreement was enforceable and remained in effect until December 31, 2011, "to remedy [Mardi Gras'] breach thereof."

3

16. The Opinion and Decision (the "Award") denied the Union's request for attorney's fees as well as for an order for Mardi Gras the issue a "mutually agreeable correction letter to any employee to whom the Employer has directed any anti-union comments."

17. Mardi Gras now moves to vacate the Arbitrator's Award on the basis that it upheld an illegal agreement and as such, is contrary to public policy.

## BASIS FOR VACATING AWARD

18. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq* is applicable to this Motion to Partially Vacate Arbitration Award. A district court may vacate an arbitration award on either statutory or nonstatutory grounds. Under the FAA, an award may be vacated if: (1) The award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct or engaged in any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10. An arbitral award may also be vacated on two nonstatutory grounds: (1) if it displays manifest disregard for the law or (2) if it is contrary to public policy.

19. Section 302(a)(2) of the LMRA, codified at 29 U.S.C. § 186(a)(2) states in pertinent part:

> It shall be unlawful for any employer…to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value…to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer.

Additionally, Section 302(b)(1) of the LMRA is a reciprocal prohibition that makes it "unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a)." 29 U.S.C. § 186(b)(1).

4

20. Pursuant to the Memorandum of Agreement entered into by and between the parties on August 23, 2004, Mardi Gras was to provide the Union with the following: (1) Complete lists of its employees with their job classifications and contact information on a monthly basis; (2) access to its private premises for its employees and union representatives for organizational purposes; and (3) control over Mardi Gras' communications with regard to its views on unionization and the Union itself.

21. Each of the foregoing items in paragraph 20 constitute "things of value" prohibited by Sections 302(a)(2) and 302(b)(1) of the LMRA and do not fall under any of the nine specifically enumerated exceptions to the LMRA codified at 29 U.S.C. § 186(c).

22. Pursuant to Title 29 U.S.C. § 186(d)(2), "any person who willfully violates" §§ 186(a) or (b) shall "upon conviction thereof, be guilty of a felony and be subject to a fine of not more than $15,000, or imprisoned for not more than five years, or both; but if the value of the amount of money or thing of value involved in any violation of the provisions of this section does not exceed $1,000, such person shall be guilty of a misdemeanor and be subject to a fine of not more than $10,000, or imprisoned for not more than one year, or both." 29 U.S.C. § 186(d)(2).

23. The Arbitration Award found that the Memorandum of Agreement was enforceable and further provided that this illegal agreement was to remain in effect until December 31, 2011. As a result, Mardi Gras is now an unwilling party to an illegal arrangement, whereby it must submit to the Union's illegal requests for "things of value" in violation of Sections 302(a)(2) and 302(b)(1) of the LMRA.

24. Because the Arbitration Award has bound Mardi Gras to an illegal agreement until December 31, 2011, it is contrary to public policy.

5

25.  Accordingly, Mardi Gras seeks to vacate the Arbitration Award on the grounds that it is contrary to public policy.

**WHEREFORE,** Applicant, HOLLYWOOD GREYHOUND TRACK, INC., d/b/a Mardi Gras Gaming, respectfully requests that this Court: (A) Vacate the Arbitration Award's findings: (i) That the Memorandum of Agreement is enforceable; (ii) that the Memorandum of Agreement shall remain in effect until December 31, 2001; and (iii) that Mardi Gras had violated the Memorandum of Agreement; (B) in the alternative, remand to Award back to Arbitration for reconsideration; and (C) award any further relief that this Court deems just and appropriate.

Dated: November 4, 2009.

Respectfully submitted:

ROTHSTEIN ROSENFELDT ADLER
Counsel for Applicant Mardi Gras
401 East Las Olas Blvd - Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Facsimile: (954) 527-8663
Email: bstrohsahl@rra-law.com

By: *Brianne Strohsahl*
Stuart Rosenfeldt, Esq.
Fla. Bar No. 316113
Brianne Strohsahl, Esq.
Fla. Bar No. 0028521
FOR THE FIRM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2009, a true and correct copy of the foregoing was delivered via Federal Express, facsimile and U.S. Mail upon all parties identified on the attached Service List in the manner specified.

ROTHSTEIN ROSENFELDT ADLER
Counsel for Applicant Mardi Gras
401 East Las Olas Blvd - Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Facsimile: (954) 527-8663
Email: bstrohsahl@rra-law.com


*Brianne Strohsahl*
Brianne Strohsahl, Esq.
Florida Bar No. 0028521

7

## SERVICE LIST

Robert A. Sugarman, Esq.
Noah Scott Warman, Esq.
**Sugarman & Susskind, P.A.**
100 Miracle Mile
Suite 300
Coral Gables, FL 33134
Tel: (305) 529-2801
Fax: (305) 447-5118
Email: nwarman@sugarmansusskind.com
       sugarman@sugarmansusskind.com

Andrew J. Kahn
**Davis Cowell & Bowe**
595 Market St. #1400
San Francisco, CA 94105
Tel: (415) 597-7200
Fax: (415) 597-7201
Email: ajk@dcbsf.com
**Attorneys for UNITE HERE LOCAL 355**

H:\swrdocs\08-19600\Motion.Vacate.Arbitration Award.doc

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in Sept the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HOLLYWOOD GREYHOUND TRACK, INC., | UNITE HERE LOCAL 355, |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) BROWARD COUNTY, FLORIDA  09cv 61760 Zloch/Rosenb_ | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED MIAMI-DADE COUNTY, FLORIDA |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) STUART A. ROSENFELDT, ESQ. ROTHSTEIN ROSENFELDT ADLER - 401 East Las Olas Blvd. Ste. 1650, Fort Lauderdale, FL 33301; Tel: 954-522-3456; Fax: 954-527-8663 | ATTORNEYS (IF KNOWN) Robert A. Sugarman, Esq, and Noah S. Warman, Esq. Sugarman & Susskind, P.A.- 100 Miracle Mile, Suite 300, Coral Gables, FL 33134 Tel.: 305-529-2801; Fax: 305-447-5118 |

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporation and Principal Place of Business in This State | □ 1 | □ 1 |
| Citizen of Another State | □ 2 | □ 2 | Incorporation and Principal Place of Business in Another State | □ 2 | □ 2 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 3 | □ 3 |

IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) MOTION TO PARTIALLY VACATE ARBITRATION AWARD 9 USC s. 10

IVa. __3__ days estimated (for both sides) to try entire case

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| □ 110 Insurance | PERSONAL INJURY | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 States Reappointment |
| □ 120 Marine | □ 310 Airplane    □ 362 Pers. Injury-Med Malpractice | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability   □ 365 Personal Injury-Prod. Liability | □ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander   □ 368 Asbestos Personnel Injury Product Liability | □ 630 Liquor Laws | □ 820 Copyrights | □ 450 Commerce/ICC Rates/etc. B |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability  PERSONAL PROPERTY | □ 640 R.R. & Truck | □ 830 Patent | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine    □ 370 Other Fraud | □ 650 Airline Regs | □ 840 Trademark | □ 470 Racketeer Influenced and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (excl Veterans) B | □ 345 Marine Product Liability   □ 371 Truth in Lending B | □ 660 Occupational Safety/Health | B SOCIAL SECURITY | □ 810 Selective Service |
| □ 153 Recovery of Overpayment of Veteran's Benefits B | □ 350 Motor Vehicle   □ 380 Other Personnel Property Damage | □ 690 Other | □ 861 HIA (1395ff) | □ 850 Securities /Commodities /Exchange |
| □ 160 Stockholder's Suits | □ 355 Motor Vehicle Product Liability   □ 385 Property Damage Product Liability | A LABOR | □ 862 Black Lung (923) | □ 875 Customer Challenge 12 USC 3410 |
| □ 190 Other Contract | □ 360 Other Personal Injury | □ 710 Fair Labor Standards Act | □ 863 DIWC/DIWW (405(g)) | □ 891 Agricultural Acts |
| □ 195 Contract Product Liability | | □ 720 Labor Management Relations B | □ 864 SSID Title XVI | □ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | □ 865 RSI (405(g)) | □ 893 Environmental Matters |
| □ 210 Land Condemnation | □ 441 Voting    □ 510 Motions to Vacate Sentence Habeas Corpus | □ 730 Labor Management Reporting & Disclosure Act | | □ 894 Energy Allocation Act |
| □ 220 Foreclosure B | □ 442 Employment    □ 530 General* | □ 740 Railway Labor Act | A FEDERAL TAX SUITS | □ 895 Freedom of Information Act |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/Accommodations   □ 535 Death Penalty | □ 790 Other Labor Litigation | □ 870 Taxes (U.S. Plaintiff or Defendant) | □ 900 Appeal of Fee Determination under Equal Access to Justice |
| □ 240 Torts to Land | □ 444 Welfare    □ 540 Mandamus & Other* | □ 791 Employee Ret. Inc. Security Act B | □ 871 IRS-Third Party 26b USC 7609 | □ 950 Constitutionality of State Statutes |
| □ 245 Tort Product Liability | □ 440 Other Civil Rights   □ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| □ 290 All Other Real Property | | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- [x] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT  CHECK IF THIS IS A □ UNDER F.R.C.P.23    CLASS ACTION No    DEMAND $ N/A    Check YES only if demanded in complaint  JURY DEMAND: □ YES  ☒ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE SEITZ  DOCKET NUMBER 08-61655

DATE November 4, 2009    SIGNATURE OF ATTORNEY OF RECORD
for Stuart A. Rosenfeldt    547959

UNITED STATES DISTRICT COURT    FOR OFFICE USE ONLY: Receipt No. ___    Amount $50.00    M/ifp: ___
S/F 1-2    Date Paid: 11-4-09
REV. 9/94