UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-61760-CIV-ZLOCH/ROSENBAUM

HOLLYWOOD GREYHOUND TRACK, INC.,

    Applicant,

v.

UNITE HERE LOCAL 355,

    Respondent.
_____/

## RESPONDENT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE

Respondent UNITE HERE Local 355 opposes the motion to intervene.  The grounds in support of this motion are set forth below.

*The motion to intervene suffers from the same defect as the suit dismissed by Judge Seitz.*

Mullhall has previously filed suit in his own right to advance precisely the same claims and arguments raised in his motion to intervene.  Originally docketed as *Mulhall v. UNITE HERE Local 355 and Hollywood Greyhound Track, Inc.*, Case No. 08-CV-61766-ZLOCH/SNOW ("Mullhall lawsuit"), his case was consolidated with an earlier action filed by the Union against Mulhall's employer, *UNITE HERE Local 355 v. Hollywood Greyhound Track, Inc.*, Case No. 08-61655-CIV-SEITZ/O'SULLIVAN ("Local 355 Lawsuit").  In its case the Union sought to compel arbitration of its dispute with Hollywood Greyhound Track (which does business, and will be referred to, as "Mardi Gras") regarding the employer's obligation to comply with a written agreement between them.  The Union also challenged Mulhall's right to bring a Section 302 action and moved to dismiss his lawsuit.

On April 16, 2009, Judge Seitz compelled Mardi Gras to arbitrate the legality and enforceability of its agreement with the Union.  *See* Local 355 Lawsuit, D.E. 27.  That order led to the arbitration that led to the award that Mardi Gras now seeks to vacate.  On April 22, 2009, Judge Seitz dismissed Mulhall's claims.  Mulhall Lawsuit, D.E. 30 (attached as Exhibit 1).  Judge Seitz ruled that Mulhall "failed to establish his *legal interest* in the MOA's [the Union-Mardi Gras Agreement] concessions" and alleged harms that were speculative at best.  Ex. 1 at 6, emphasis added.

In the Union's litigation to compel arbitration Mardi Gras made exactly the same arguments as Mulhall himself now advances.  *See* Mulhall Lawsuit D.E. 17 (response filed by Mardi Gras in opposition to the Union's motion to dismiss); Local 355 Lawsuit D.E. 15 (response filed by Mardi Gras in opposition to Union's motion to compel).  Those arguments are identical to those it raises in the instant litigation.  Moreover, Mulhall himself has previously advanced the exact same claims to have a legally-protectable interest he now raises in his motion to intervene.  *See* Mulhall Lawsuit D.E. 1 (complaint), 13 (response in opposition to Union's motion to dismiss).  Judge Seitz dismissed for lack of standing, holding that "Mulhall's alleged injuries, …, are not supported by legally cognizable interests" and that Mulhall "failed to establish his legal interest" in the agreement between the Union and Mardi Gras.  Ex. 1 at 4, 6.  Mulhall has appealed Judge Seitz's dismissal of his claim, an appeal that remains pending before the Eleventh Circuit.  *See Mulhall v. UNITE HERE Local 355 and Hollywood Greyhound Track, Inc. d/b/a Mardi Gras Gaming*, Eleventh Circuit Case No. 09-12683.

Judge Seitz's analysis of Mulhall's lack of a legally-cognizable interest at this time still holds true.  Mulhall attempts to sidestep standing by asserting that he must not prove actual Article III standing, but that a lower threshold applies to a motion to intervene, namely an

2

"interest" in the litigation. However, Judge Seitz's comments are persuasive on this motion. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)(noting that "standing cases, however, are relevant to help define the type of interest that the intervenor must assert."). The standards for intervention are not loose enough to warrant intervention by an employee whose address is not going to be disclosed by the employer to the Union, and who is unlikely to ever even hear about this Union again if it cannot garner the support of a majority of his coworkers, let alone unlikely to be adversely impacted by possible future union representation. His ideological concerns about unionization allege a "harm" that is speculative at this point.

Such speculation on the party of Mulhall does not rise to the level of an interest for the purposes of his motion. For an interest to be cognizable under Rule 24(a)(2), it must be "direct, substantial, and legally protectable." *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1322 (11th Cir. 1990) (proposed intervenor must possess a "direct, substantial, legally protectable interest in the proceeding"; interests that are contingent upon some future events and which are "purely a matter of speculation" are not "the kind of protectable interest ... necessary to support intervention as of right"); *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2nd Cir. 1990) ("[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule"); *Standard Heating and Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998) (interests asserted by proposed intervenors are "too speculative to be 'direct, substantial and legally protectable'" because a "sequence of events would have to occur for the interests of the associations to be impacted by a successful challenge to the rules"); *Laube v. Campbell*, 215 F.R.D. 655, 657 (M.D.Ala. 2003) ("[i]nterests that are contingent upon some future events and which are purely a matter of speculation are not the kind

3

of protectable interest necessary to support intervention as of right").

Mulhall's standing to intervene here is even weaker than his standing in the earlier action, because this is a special proceeding concerning an arbitration governed by the Federal Arbitration Act. Under 9 U.S.C. § 10(a), only "any party to [an] arbitration" may seek to vacate an arbitration award. Consequently non-parties have no authority to attempt to vacate such awards. *See, e.g., Meshkin v. Vertrue Inc.*, 2007 WL 2462172 (D.Conn. 2007); *Teamsters Local 404 v. J.F. Partyka & Son, Inc.*, 176 F.R.D. 429, 431-32 (D.Mass. 1997) (barring individual employees from intervening in action to enforce award; court rejected argument that *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), supported their intervention); *Katir v. Columbia Univ.*, 821 F.Supp. 900, 901 (S.D.N.Y. 1993) (because plaintiff "was not a party to the arbitration, she lacks standing to petition to vacate the Award"), *aff'd*, 15 F.3d 23, 24-25 (2nd Cir. 1994); *Dundas Shipping & Trading Co., Ltd. v. Stravelakis Bros., Ltd.*, 508 F.Supp. 1000, 1003 (S.D.N.Y. 1981) (same); *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir. 1971) (individual employees may not bring action to enforce arbitration award interpreting agreement between their employer and union). Accordingly, Mulhall has no basis to intervene in this action.

<u>*Mulhall's so-called interests are more than adequately represented by his employer.*</u>

Mardi Gras, Mulhall's employer, more than adequately represents any interests claimed by Mulhall in his own right. As noted above, he seeks exactly the same relief – invalidating the labor agreement – on exactly the same grounds – an alleged violation of Section 302 – as his employer. Mardi Gras has very competent counsel committed to the zealous representation of employers. In fact, the lawsuit was filed by Stuart Rosenfeldt, himself formerly an attorney with

4

the National Right to Work organization that represents Mulhall.[1]  As a practical matter, Mardi Gras has demonstrated its desire to attain the very same goals by the very same means advanced by Mulhall.

Consequently, his motion to intervene must be denied due to failure of proof of inadequate representation.  In the Eleventh Circuit adequate representation is presumed when a current party to the litigation seeks the same ends as the prospective intervenor.  *See Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (citing *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999)).  This presumption may be overcome if the would-be intervenor produces "some evidence to the contrary."  *Id.*  None has been produced by Mulhall.  His affidavit, while asserting that he loathes unions and opposes the agreement between the Union and Mardi Gras, provides no objective evidence that his interests will not be zealously guarded by Mardi Gras itself.

Even if his affidavit were construed as "some evidence to the contrary," he still must counter the "general rule that adequate representation exists 'if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervene[e]r, and if the representative does not fail in fulfillment of his duty.'" *Clark*, 168 F.3d at 461, quoting *FSLIC v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 215 (11th Cir. 1993).  By no means are these outlier cases.  *See, e.g.*, *U.S. v. Georgia*, 19 F.3d 1388, 1394 (11th Cir.1994); *U.S. v. City of Miami*, 278 F.3d 1174, 1178 (11th Cir. 2002) (presumption of adequate representation when existing party has same objectives as would-be intervenor); *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1477 (11th Cir. 1993); *Florida Key Deer v. Brown,* 232 F.R.D. 415 (S.D.Fla. 2005) (speculation that existing party may later

---

[1]  Source: http://www.onecommunityinc.org/leadership_team/leadership_team.htm

want to settle litigation for political ends does not overcome presumption of adequate representation where party and prospective intervenor share same objective).

On all three counts, as noted above, Mardi Gras represents Mulhall's interest in this litigation. There is no collusion now between Mardi Gras and the Union. Were such collusion to exist, this very lawsuit would certainly not have been filed. Mardi Gras seeks to nullify the award, and effectively the agreement, on the very same grounds as Mulhall advances. In pursuing the instant litigation, it has not failed in fulfilling Mulhall's desired end.

### *Mulhall's motion is not timely.*

Both the LMRA and the Federal Arbitration Act promote expeditious dispute resolution. *See, e.g.*, 9 USC § 4 (only 5 days required for hearing on petition to compel); 9 USC § 6 (all arbitration-related litigation to be handled via motion); 9 USC § 12 (3-month statute of limitations on motions to vacate); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983) (federal judicial policy for prompt resolution of labor disputes).[2]

Mulhall's petition is untimely given the federal policy favoring expeditious resolution of labor disputes. Mulhall's counsel was well aware of the instant lawsuit even before its inception. He reported to the Eleventh Circuit that he was well aware that Mardi Gras intended to attempt to vacate the award, reporting that "counsel for Mardi Gras has informed [him] of Mardi Gras' intention to not abide by the arbitration award and to move the district court to declare that enforcement of the arbitration award and Agreement is unlawful." *See* Appellant's Status Report to the Eleventh Circuit, *Mulhall v. UNITE HERE Local 355 and Hollywood Greyhound Track, Inc. d/b/a Mardi Gras Gaming*, Case No. 09-12683, dated September 14, 2009, at 1 (attached as

---

[2] This dispute has already dragged on for more than 18 months from when the employer started refusing to comply with the agreement in May 2008.

Exhibit 2). Despite his ongoing communications with then-counsel for the employer and knowing full well of this litigation, Mulhall's counsel waited until the close of briefing in this action to file his motion to intervene. Mulhall's intervention, if granted, would only unnecessarily delay the matter further, as well as waste the court's and both parties' time and expense with repetitious pleadings and arguments. For that reason as well, his motion should be denied as untimely.

## *Conclusion*

For the foregoing reasons UNITE HERE Local 355 respectfully requests that the motion to intervene be denied.

Submitted this 15th day of December, 2009,

**s/Noah Scott Warman**
Noah Scott Warman (Florida Bar Number: 30960)
Attorney E-mail Address: nwarman@sugarmansusskind.com
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, Florida  33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115

Andrew J. Kahn
Attorney E-mail Address: ajk@dcbsf.com
Davis Cowell & Bowe
595 Market St.  #1400
San Francisco, California  94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201
Attorneys for UNITE HERE Local 355

**CERTIFICATE OF SERVICE**

I hereby certify that on Tuesday, December 15, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                **s/Noah Scott Warman**

**SERVICE LIST**

**CASE NO. 09-61760-CIV-ZLOCH/ROSENBAUM**

Robert Louis Norton
Allen Norton & Blue
121 Majorca Avenue
Suite 300
Coral Gables, FL 33134
305-445-7801
442-1578 (fax)
rnorton@anblaw.com
Attorney for Hollywood Greyhound Track, Inc.

Peter Louis Sampo
Allen Norton & Blue
121 Majorca Avenue
Suite 300
Coral Gables, FL 33134
305-445-7801
442-1578 (fax)
psampo@anblaw.com
Attorney for Mardi Gras
Attorney for Hollywood Greyhound Track, Inc.

Daniel R. Levine
Shapiro Blasi Wasserman & Gora PA
Attorney for Plaintiff
7777 Glades Road Suite 400
Boca Raton, FL 33434
Tel. 561-477-7800
Fax: 561-477-7722
drlevine@sbwlawfirm.com
Attorney for Martin Mulhall

William L. Messenger
National Right to Work Legal Defense Foundation
8001 Braddock Road
6th Floor
Springfield , VA 22151
703-321-8510
Email: wlm@nrtw.org
Attorney for Martin Mulhall